# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

EMMANUEL ADIGWU,

    Plaintiff,

Vs.

STATE OF GEORGIA, GEORGIA        CIVIL ACTION NO.
VOCATIONAL REHABILITATION AGENCY,
And HOPE POUNDS,        _____

    Defendants

## COMPLAINT

Plaintiff Emmanuel Afigwu states the following as his Complaint in this action:

1.

The State of Georgia is subject to the jurisdiction of this Court and may be served though Chris Carr, Attorney General for the State f Georgia.

2.

The State of Georgia Vocational Rehabilitation Agency is subject to the jurisdiction of this Court and may be served though Chris Carr, Attorney General for the State of Georgia.

3.

Hope Pounds is a resident of 136 Cottonbelle Drive, Stockbridge GA 30281-9145 and is subject to the jurisdiction of this Court.

4.

Venue is proper as all Defendants are residents of this District.

5.

This Court has subject matter jurisdiction as this case involves a federal question.

6.

Plaintiff received a Notice of Right to Sue Letter concerning these claims and files this action within 90 days of the receipt of such notice,

7.

This action is brought for discrimination pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. 2000e to 200e-17, for National Origin

Discrimination, and pursuant to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. 621 to 634.

8.

Pounds is a Procurement Supervisor with Georgia VRA and is personally liable for violations of 42 U.S.C. 1983 of Plaintiff's Constitutional rights of Due Process under the 5th and 14th Amendments of the United States Constitution.

9.

Plaintiff was discharged from the VRA on November 2, 2020 because of his national origin, his age, and the fact that he was at the point of his discharge not vested in his state pension. The Defendants terminated Plaintiff for the specific purpose of denying him rights to his pension.

10.

Defendants applied discriminatory factors in evaluating Plaintiff's performance in his job as a Financial Analyst and based on his national origin as an immigrant from Africa, his age, and his status on the cusp of being vested in a pension.

11.

Defendants acted on these factors and terminated Plaintiff on November 2, 2020.

12.

Plaintiff timely complained to the EEOC regarding his termination and timely files this action in accordance with the right to sue letter he received.

13.

Defendants, especially individual Defendant Pounds, who acted within the scope of her employment, engaged in discriminatory evaluations of Plaintiff's work performance which were unjustified. Plaintiff was held to a higher standard than people of more conventional national origins and people who were not, as he was, in the age range protected by the ADEA.

14.

After his termination Plaintiff exhausted his federal administrative remedies, before filing this action, through the EEOC.

15.

Because he was wrongfully discharged because of his national origin and his age (particularly his age and experience as affects his entitlement to a pension), Plaintiff suffered damages proximately caused by same, as well as retaliation from

Defendants when he attempted to challenge his adverse evaluations and his discharge.

16.

Accordingly, Plaintiff is entitled to a judgment against all defendants for all damages permitted under Title VII and the ADEA and for retaliation under those statutes.

Wherefore, Plaintiff respectfully prays for trial by jury, for a judgment all defendants for all damages permitted under Title VII and the ADEA and for retaliation under those statutes, and for such other and further relief as the Court deems proper.

This 7th day of September, 2022.

**DALZIEL LAW FIRM**

*/s/ Charles M. Dalziel, Jr.*

**Charles M. Dalziel, Jr.**
**Georgia Bar No. 203730**
**31Atlanta Street Suite 200**
**Marietta, Georgia 30060**
**Telephone: (404) 735-0438**
**E-Mail: chuck@dalzielfirm.com**
**Attorney for Plaintiff**